## Abstract of the Decision.

1. APPEAL AND ERROR, § 1752*—*when judgment affirmed.* Where the trial court refused to allow the defendants' counterclaim for rent alleged to be due them from the plaintiff under a lease, which the defendants did not set up in their abstract of record on appeal, a judgment for the plaintiff was affirmed, the court holding that it would not go to the record to correct an abstract or to supply omissions in order to reverse a judgment.

2. SET-OFF AND RECOUPMENT, § 40*—*when evidence sufficient to sustain disallowance of counterclaim.* Evidence in an action for goods sold and delivered by the plaintiff to the defendants, wherein the defendants sought to counterclaim for rent alleged to be due them from the plaintiff under a lease, *held* to justify a judgment for the plaintiff and a disallowance of the counterclaim.

---

Frank P. Heilman and George J. Beierle, copartners, trading as George J. Beierle & Company, Defendants in Error, v. Mrs. Rose L. Katz and Louis Katz, Defendants. Louis Katz, Plaintiff in Error.

Gen. No. 21,751.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed October 10, 1916.

## Statement of the Case.

Action by Frank P. Heilman and George J. Beierle, copartners, trading as George J. Beierle & Company, plaintiffs, against Mrs. Rose L. Katz and Louis Katz, defendants, for goods alleged to have been sold to the defendants jointly. After a joint affidavit of merits was stricken from the files the defendants were or-

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

dered to file other affidavits within ten days.  After the expiration of such time the defendants filed separate affidavits of merits denying that they were individually liable, which affidavits were stricken from the files and judgment entered for the plaintiffs, on which execution was issued and served upon the defendants.  To review an order refusing to quash the execution and vacate the judgment and order, the defendant Louis Katz prosecutes a writ of error.

WILLIAM L. MARTIN, for plaintiff in error.

EASTMAN, WHITE & HAWXHURST, for defendants in error; HOMER C. DAWSON, of counsel.

MR. JUSTICE McDONALD delivered the opinion of the court.

## Abstract of the Decision.

1.  MUNICIPAL COURT OF CHICAGO, § 13*—*when affidavit of merits insufficient*.  An affidavit of merits filed by a defendant sued jointly with another on a contract for the purchase of goods, denying that he ordered or purchased or that the plaintiffs sold him the goods, or that he personally was indebted to the plaintiffs therefor, or on an account stated, *held* properly stricken from the files as being ambiguous and evasive and not meeting the plaintiffs' allegation that both defendants were jointly indebted for the goods, as required by Rule 20 of the Municipal Court of Chicago.

2.  MUNICIPAL COURT OF CHICAGO, § 13*—*when affidavit of merits properly stricken from files*.  An affidavit of merits not filed within the time ordered by the trial court, *held* properly stricken from the files.

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.